ALEXANDER KURRAS, Appellant, v. LEOPOLDINE KURRAS (MASLO), Respondent. — In an action to procure a judgment declaring the nullity of an alleged void marriage upon the ground that on the date thereof the defendant was the lawful wife of one Joseph Maslo, who was then living and from whom defendant had never been legally divorced, judgment dismissing complaint reversed on the law, without costs, and judgment directed in favor of plaintiff for the relief demanded in the complaint. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. The undisputed proofs demonstrate (1) that defendant was lawfully married to Joseph or Josef Maslo in Vienna, Austria, on February 8, 1920; (2) that defendant was then and is of no religious faith, and that Maslo is of the Roman Catholic faith; (3) that December 11, 1929, upon the joint application of defendant and her husband Maslo, in accordance with the laws of Austria, a separation from bed and board was decreed between defendant and Maslo by the State or County Court of Neubau, Vienna, Austria; (4) that thereafter, on October 4, 1930, at the city of New York, defendant and plaintiff entered into a purported marriage; (5) that thereafter, and on December 24, 1930, upon the application of defendant and the

consent of Maslo, the Vienna, Austria, State government issued to defendant a so-called "dispensation from the restrictions due to a former marriage" (meaning the marriage between defendant and Maslo); and (6) that thereafter, and on January 19, 1931, at the city of New York, the defendant and plaintiff entered into another purported marriage. Upon the undisputed proofs as to the law of Austria and otherwise, neither the separation decree nor the so-called dispensation was legally efficient to constitute an absolute divorce between the defendant and Maslo, who was, on the date of each purported marriage between the parties to this action, the lawful husband of the defendant. Hence the marriage between plaintiff and defendant was and is void. Hagarty, Johnston, Adel, Taylor and Close, JJ., concur. Settle order on notice.