MATTER OF FERREIRA

In Visa Petition Proceedings

A-19411014

*Decided by Board June 12, 1974*

Since under the law of Portugal, judicial separation of natural persons and of property does not dissolve the marriage bonds (Article 1774, Civil Code of 1966), the Portuguese court decree of separation of persons and property presented by petitioner in support of his visa petition does not constitute proof of the termination of his first marriage in Portugal in 1961. (Neither is the decree recognized in the State of New York, the place of celebration of the subsequent marriage, as sufficient to terminate petitioner's first marriage.) Hence, petitioner's marriage to the beneficiary in New York in 1970 is void and cannot serve to confer preference classification on the beneficiary under section 203(a)(2) of the Immigration and Nationality Act, as amended, as petitioner's spouse.

ON BEHALF OF PETITIONER: Allan Ross, Esquire
60 Broad Hollow Road
Melville, New York 11746

The lawful permanent resident petitioner applied for preference status for the beneficiary as his spouse under section 203(a)(2) of the Immigration and Nationality Act. The petition was approved by the District Director on October 15, 1970. However, on May 3, 1971, the District Director notified the petitioner of his intent to revoke the approval of the visa petition on the ground that a prior marriage of the petitioner had never been legally terminated. Subsequent correspondence by counsel failed to overcome the ground for revocation. In a decision dated August 5, 1971, the District Director revoked the visa petition. The petitioner has appealed from that decision. The appeal will be dismissed.

The petitioner and the beneficiary, both natives of Portugal, were married in Hauppauge, New York on April 28, 1970. A petition for a spouse must be accompanied by proof of the legal termination of all previous marriages of both husband and wife. 8 CFR 204.2(c)(2). The petitioner presented a decree of separation of persons and property rendered by a court in Portugal on January 17, 1970. The District Director found that this decree did not terminate the petitioner's prior marriage.

723

We have consulted the Hispanic Law Division of the Library of Congress regarding Portuguese law. Article 1789 of the Civil Code of Portugal (promulgated in 1966) states that a marriage may be dissolved by the death of one of the spouses or by divorce. Article 1790 provides that neither Catholic marriages performed after August 1, 1940, nor civil marriages in which the parties have contracted Catholic marriages after that date, may be dissolved by divorce. Article 1774 states that judicial separation of natural persons and of property does not dissolve the marriage bonds.

The petitioner entered into a Catholic marriage in Portugal in 1961. The Portuguese decree of separation of persons and property did not terminate the petitioner's first marriage. Counsel has conceded that this is the Portuguese law. Nevertheless, he argues that New York, the place where the present marriage was celebrated, would recognize the Portuguese decree as sufficient to terminate the prior marriage.

We are not dealing with a statutory prohibition against the remarriage of divorced persons, to which New York might decline to give extraterritorial effect if it violated New York policy. We are faced here with a decree that did not dissolve the marriage bonds. A New York court has stated that:

> If a divorce decree, whether designated interlocutory or otherwise, does not of itself immediately terminate the marriage affected thereby, any attempted subsequent marriage by a party thereto, prior to said decree becoming or being made final, is void and bigamous; and the courts have unanimously so declared, irrespective of the place of celebration thereof.... *Marzano* v. *Marzano*, 154 N.Y.S.2d 507, 509 (Sup. Ct. 1956).

In *Kurras* v. *Kurras*, 1 N.Y.S.2d 867, 253 App. Div. 896 (1938), the court held that an Austrian separation from bed and board was not an absolute divorce in Austria, and that therefore the defendant's subsequent New York marriage was void ab initio.

We conclude that the Portuguese decree of separation was not sufficient to terminate the petitioner's prior marriage under either Portuguese or New York law. Nor is there any merit to counsel's contention that the issuance of a marriage license by the Town Clerk of Smithtown, New York establishes the legal termination of the petitioner's prior marriage.

Since the petitioner still has a wife in Portugal, we have no choice but to hold that his present marriage to the beneficiary is void. Therefore, he cannot confer preference status on the beneficiary as his spouse under section 203(a)(2) of the Act.

The decision of the District Director was correct. Consequently, the appeal will be dismissed. It appears from the record that counsel is exploring the possibility of instituting a divorce proceeding in the petitioner's behalf in the States of New York. If the

petitioner is able to obtain a valid divorce from his first wife and remarry the beneficiary, he may submit a new petition in her behalf.

**ORDER:** The appeal is dismissed.