## MATTER OF SENA

### In Visa Petition Proceedings

### A-21685633

#### *Decided by Board March 8, 1979*

(1) Under the provisions of Decree Law 261/75 of May 27, 1975, corrected June 21, 1975, which amended the Civil Code, divorce by Catholics in Portugal is allowed as of May 27, 1975; prior thereto it was forbidden. *Matter of Ferreira*, 14 I. & N. Dec. 723 (BIA 1975), qualified.

(2) In a case involving an immediate relative visa petition, the record will be remanded to the District Director for clarification of the petitioner's domicile, at the time of her divorce where the petitioner and her ex-husband were both citizens of Portugal, were divorced while living in Rhode Island, and where the petitioner later remarried in New Jersey, to determine whether or not New Jersey would recognize the petitioner's divorce.

ON BEHALF OF PETITIONER: Pro se

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

The United States citizen petitioner applied for immediate relative status for the beneficiary as his wife under section 201(b) of the Immigration and Nationality Act, 8 U.S.C. 1151(b). In a decision dated May 24, 1978, the District Director denied the petition on the ground that the petitioner had previously been married and that this marriage had not been dissolved. The petitioner appeals from this decision. The record will be remanded.

The petitioner is a 43-year-old native of Portugal and a naturalized citizen of the United States. The beneficiary is a 42-year-old native and citizen of Portugal, who married the petitioner on June 8, 1977, at Newark, New Jersey.

The District Director based his denial of the petition on two grounds. He found that neither the petitioner nor his first wife had been present at the divorce hearing in Portugal on November 17, 1976, and that the State of New Jersey would not therefore recognize such a "mail order" divorce. He also found that the parties were not able to divorce, as they had entered into a Catholic marriage in Portugal after August 1, 1940, and that Portuguese law forbids divorce in such cases.

It is true that divorce in Portugal, by Catholics, was formerly forbid-

den by Portuguese law, as held by this Board in *Matter of Ferreira*, 14 I. & N. Dec. 723 (BIA 1974). Recent revisions in Portuguese law, however, have changed this situation. The Library of Congress has informed the Board that the Decree Law 261/75 of May 27, 1975, corrected June 21, 1975, amended the Civil Code to allow divorce by Catholics. According to the new law:

> The value and effectiveness of Catholic marriages continues to be acknowledged in accordance with the provisions of article 1587 of the Civil Code so that Catholics, as heretofore, may opt between the two forms of marriage [civil and religious]. Hereafter, simply, once the marriage has been celebrated through either civil or Catholic-religious ceremony, its effects shall be governed by the laws of the State [civil] only, regardless of the form of celebration chosen. . . . Catholic marriages may therefore be dissolved by civil tribunals on the same terms and for the same reasons that civil marriages may be dissolved. (Preliminary statement at page 539.) [1]

We therefore hold that Catholics in Portugal have been free to obtain divorces under this new provision of law, since it went into effect on May 27, 1975. The petitioner here was divorced on November 17, 1976, and thus comes under this provision. His divorce was consequently valid under Portuguese law.

On the second point of appeal, we agree with the District Director that New Jersey does not recognize "mail order" divorces. The situation here is not quite so simple, however. The divorce in question occurred when the petitioner was living in Rhode Island. The issue therefore is whether or not Rhode Island would recognize the Portuguese divorce, and whether New Jersey would in turn consider it valid if Rhode Island does.

But before this question can be resolved, it is necessary to establish what law was applicable when the divorce occurred. The divorce decree indicates that both parties were "resident in" Rhode Island at the time of the divorce action. It is not clear what this statement means. Since recognition of the divorce by Rhode Island may hinge on the domicile of the parties at the time of the divorce action, further evidence in this regard is necessary. The record will accordingly be remanded to the District Director so that further information concerning the parties' domicile at the time of the divorce may be provided.

ORDER: The record is remanded to the District Director for further proceedings consistent with the foregoing opinion and the entry of a new decision.

---

[1] Boletin do Ministerio da Justica, No. 247, June, 1975.